JOURNAL ENTRY AND OPINION
Nurrudin Jinna, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-357966, in which defendant-appellant was convicted by a jury of one count of drug possession, in violation of R.C.2925.11. Defendant-appellant assigns a single error for this court's review.
Defendant-appellant's appeal is not well taken.
On December 16, 1997, the Cuyahoga County Grand Jury returned a two-count indictment against defendant-appellant. The first count of the indictment alleged that, on October 17, 1997, defendant-appellant did knowingly obtain, possess or use a controlled substance; i.e., crack cocaine, in violation of R.C.2925.11. The second count of the indictment alleged that, on October 17, 1997, defendant-appellant had in his possession or control a substance, device, instrument or article; i.e., money, with the intent to use it criminally in the commission of a felony, in violation of R.C. 2923.24. On January 8, 1998, defendant-appellant was arraigned whereupon a plea of not guilty was entered to both counts contained in the indictment.
A jury trial commenced on April 13, 1998. Prior to trial, the parties entered into the following stipulations: (1) the drugs entered into evidence were, in fact, cocaine; (2) cocaine is a schedule 2 drug; and (3) the weight of the drugs was less than one gram.
The state's case consisted of the testimony of one witness, Detective Tommy Hall of the Cleveland Police Department. Detective Hall testified that he was a vice detective in the fourth district vice unit. Detective Hall stated that he had been a police officer for seven years and a vice officer for the past five years. During that time, Detective Hall maintained that he had made over one thousand arrests during his career as a police officer and approximately one hundred arrests in the area of East 143rd Street and Kinsman.
Detective Hall testified that on the night of October 17, 1997, he was on patrol with his partner and two other vice detectives, all of whom were dressed in plain clothes traveling in an unmarked police car. As was his practice, Detective Hall wore a badge on a chain around his neck which clearly identified the detective as a police officer. The officers were patrolling the area due to repeated complaints regarding drug activity in the area of East 143rd Street and Kinsman.
At approximately 11:40 p.m., Detective Hall observed three males standing on the sidewalk at the 3400 block of East 143rd
Street. Defendant-appellant was a member of this group. Suspecting drug activity, Detective Hall exited his vehicle and identified himself as a police officer. The detective then observed defendant-appellant toss an off-white object to the ground. Detective Hall retrieved the object at which time he discovered two rocks of suspected crack cocaine. Defendant-appellant was then placed under arrest. At the time of the arrest, Detective Hall confiscated $57 in United States currency from defendant-appellant. The detective testified that it is common for an individual dealing in crack cocaine to carry, this amount of money.
Upon cross-examination, the detective was unable to recall the weather conditions on the night of the arrest or on which side of the street he had seen defendant-appellant. The detective maintained further that, although he had been looking at the defendant-appellant's hands, he was unable to state whether defendant-appellant was wearing a long or short sleeve shirt, a jacket, a hat or long or short pants. The detective was also unable to remember anything about the other males in the group.
In addition, the police report stated that Detective Hall's partner, Detective Longstreet, had actually retrieved the drugs from defendant-appellant. When asked about the apparent inconsistency between his testimony on direct and the police report, Detective Hall maintained that the report was incorrect and he had, in fact, retrieved the drugs confiscated from defendant-appellant. The detective maintained further that the police report merely contained a typographical error.
The state rested its case in chief. Defense counsel then moved for a judgment of acquittal pursuant to Crim.R. 29. The trial court overruled defendant-appellant's motion. The defense presented no witnesses or evidence in defendant-appellant's behalf. A renewed motion for judgment of acquittal was overruled by the trial court.
On April 15, 1998, the jury found defendant-appellant guilty of drug possession as indicted in the first count of the indictment and not guilty of possession of criminal tools as charged in the second count of the indictment. The trial court immediately sentenced defendant-appellant to a one-year term of incarceration.
On June 11, 1998, defendant-appellant filed a timely notice of appeal from the judgment of the trial court.
Defendant-appellant's sole assignment of error states:
 I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR ACQUITTAL AND THE VERDICT AGAINST THE DEFENDANT-APPELLANT MUST BE REVERSED AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND INSUFFICIENT TO SUSTAIN A GUILTY VERDICT.
Defendant-appellant argues, through his sole assignment of error, that the trial court improperly denied his motion for judgment of acquittal pursuant to Crim.R. 29. Specifically, defendant-appellant maintains that the jury's verdict was against both the manifest weight and sufficiency of the evidence in light of Detective Hall's inconsistent and incomplete testimony which purportedly damaged the detective's credibility as a witness in this case. It is defendant-appellant's position that Detective Hall's failure to remember specifics leading to the arrest, as well as incidents regarding the arrest itself, invalidates Detective Hall's testimony to the point that reversal of defendant-appellant's conviction is required.
Crim.R. 29(A), which establishes the parameters for granting a motion for judgment of acquittal, provides in pertinent part:
 * * * The court on a motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of each offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
In addition, in State v. Bridgeman (1978), 55 Ohio St.2d 261, the Supreme Court established that a trial court may not grant a Crim.R. 29(A) motion for acquittal where the evidence adduced at trial shows that reasonable minds can reach different conclusions as to whether the elements of a charged offense have been proven beyond a reasonable doubt:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.
State v. Jenks, supra, paragraph two of the syllabus.
More recently, in State v. Thompkins (1997), 78 Ohio St.3d 380,386, the Ohio Supreme Court stated the following with regard to the "sufficiency" as opposed to the "manifest weight" of the evidence:
 With respect to sufficiency of the evidence, "sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain the conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388. 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
A judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167. Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230.
State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all the reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * * See Tibbs v. Florida (1982). 457 U.S. 31, 38, 42.
Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City of Cleveland
(1984), 150 Ohio St. 303, 345.
The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v. Florida (1982), 457 U.S. 31, where it determined that, unlike a reversal based upon insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal; i.e., invocation of the double jeopardy clause as a bar to re-litigation. Id. at 43. Additionally, only a concurring majority of an appellate panel is needed to reverse a judgment based upon the sufficiency of the evidence as opposed to the unanimous concurrence of all three appellate judges necessary for a reversal based upon the manifest weight of the evidence. Statev. Thompkins (1997). 78 Ohio St.3d 380, 386.
An appellate court does not and cannot sit as the "thirteenth juror" when reviewing a claim based upon the weight of the evidence. Rather, we must accord due deference to the credibility determinations made by the trier of fact. See State v. DeHass,supra. As this court has previously stated in State v. Thompson
(Apr. 23, 1998). Cuyahoga App. No. 72044, unreported:
 The fact-finder, being the jury (in the case) or the trial judge (in a waiver), occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witnesses and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a herculean endeavor.
In the case herein, viewing the evidence presented in a light most favorable to the prosecution, the testimony of Detective Hall, the only witness in this case, supports the determination by the finder of fact that defendant-appellant did, in fact, knowingly possess crack cocaine as charged in the indictment. Detective Hall testified that he observed defendant-appellant standing in a group of people at approximately 11:40 p.m. in a high drug area. Suspecting drug activity, the detective approached the group and identified himself as a police officer. At this point, the detective directly observed defendant-appellant throw an off-white object to the ground. Upon retrieval, the detective discovered two rocks of suspected crack cocaine. Subsequent testing conclusively established that the confiscated drugs were crack cocaine as stipulated by both parties prior to trial. The detective's testimony as to these key points was un-refuted. Contrary to defendant-appellant's assertion, sufficient evidence was presented by the state to overcome defendant-appellant's motion for judgment of acquittal pursuant to Crim.R. 29. State v. Jordan (Apr. 29, 1999), Cuyahoga App. No. 73453, unreported.
In addition, the mere fact that the detective was unable to remember certain details pertaining to the arrest did not, as defendant-appellant contends, irreparably damage the detective's credibility as a witness, nor did the fact that the police report contained a typographical error concerning which officer recovered the drugs from defendant-appellant. The detective's testimony as to the drug possession charge remains intact. Clearly, a review of the record demonstrates that any rational trier of fact could have found from the evidence presented that the essential elements of the offense of drug possession were proven beyond a reasonable doubt. State v. Lundy (June 25, 1998), Cuyahoga App. No. 71849, unreported; State v. Bennett (Mar. 3, 1996), Cuyahoga App. No. 68687, unreported; State v. Butler (Dec. 16, 1999), Cuyahoga App. No. 75487, unreported.
Since the weight to be given the evidence and the credibility of the witnesses are primarily matters for the trier of fact to determine and that it is not the function of the appellate court to substitute its judgment for that of the finder of fact, State v. Grant (1993), 67 Ohio St.3d 465; State v. D'Ambrosio (1993),67 Ohio St.3d 185, this court cannot now say that the underlying verdict is against the manifest weight of the evidence. It is apparent from the record that the fact-finder did not lose its way and create a manifest miscarriage of justice by finding defendant-appellant guilty of drug possession. Defendant-appellant's conviction was supported by substantial and credible evidence upon which the trier of fact could reasonably conclude that defendant-appellant was guilty of the indicted offense. State v. Powell
(1993), 87 Ohio App.3d 157, 168, 621 N.E.2d 1328; State v. Sammons
(Dec. 17, 1997), Summit App. No. 18209, unreported.
Defendant-appellant's first assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., and PATTON, J., CONCUR.
 __________________________ JUDGE MICHAEL J. CORRIGAN